**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL NO. 05-50045

VERSUS                            JUDGE S. MAURICE HICKS, JR.

WOODROW HAYES

**MEMORANDUM RULING**

Before the Court is a "Motion For Summary Judgment To Dismiss Claim Of Virgil E. Bomar" filed by the United States ("the Government"). See Record Document 82. The motion was filed in response to Virgil E. Bomar's "Petition For Hearing To Validate Property Interest Of Virgil E. Bomar, To Set Aside Criminal Forfeiture Of Immovable Property, Or Alternatively, To Pay The Full Value Of Judicial Mortgage." See Record Document 75. Virgil E. Bomar opposed the motion for summary judgment and filed a cross motion for summary judgment seeking judgment in his favor on his petition for relief. See Record Document 90.

Based on the following, the Court finds that there are no genuine issues of material fact and the Government is entitled to judgment as a matter of law. Virgil E. Bomar has failed to assert a superior legal right or interest in any of the contested property and, accordingly, the Court enters summary judgment in favor of the Government and dismisses the third party claim of Virgil E. Bomar.

**I.     FACTUAL AND PROCEDURAL BACKGROUND.**

On November 30, 2005, Defendant Woodrow Hayes ("Hayes") pled guilty to conspiracy to commit wire fraud (Count 1), wire fraud (Court 2), and forfeiture (Count 51). See Record Document 63 & 64. By pleading guilty to Count 51, Hayes was required to

forfeit to the Government any property constituting or derived from proceeds obtained directly or indirectly as a result of the violations set forth in the Superseding Indictment.

On December 1, 2005, this Court entered a Preliminary Order of Forfeiture (Record Document 66) finding that the United States was entitled to Hayes' interest in certain assets listed in the superceding indictment (Record Document 20) in this case. In order to give direct notice to potential claimants, the United States Marshals Service ordered title search reports for all real estate listed in Count 51. The title search report revealed multiple creditors who had recorded judgments against Hayes. One such judgment creditor is Virgil E. Bomar ("Bomar"). Bomar held a judgment of $6,540.00 against Hayes. On December 20, 2005, the Government sent a letter to Bomar advising him of this forfeiture action. See Record Document 82, Exhibit 2.

On January 13, 2006, Bomar filed a "Petition For Hearing To Validate Property Interest Of Virgil E. Bomar, To Set Aside Criminal Forfeiture Of Immovable Property, Or Alternatively, To Pay The Full Value Of Judicial Mortgage." See Record Document 75. Bomar asserts that he was a victim of Hayes and had obtained a judgment against Hayes, which was recorded in Bossier Parish on August 21, 2001. Based on this recorded judgment, Bomar argues that his interest in certain property listed in Count 51 of the Superseding Indictment ("the subject property") was created at the time of recordation of his Twenty-Sixth Judicial District Court judgment and that he is entitled to judgment in his favor setting aside and annulling the forfeiture of the subject property or, in the alternative, that he is entitled to payment in full of the amount of his judicial mortgage in preference to the claims of the United States and any other creditors filing claims in these forfeiture proceedings. See id., ¶ 5. The Government disagrees and filed the instant motion for

summary judgment on February 22, 2006, seeking the dismissal of Bomar's claim to the subject property.

## II. LAW AND ANALYSIS.

### A. Summary Judgment Standard.

Bomar is asserting a third party claim relating to the forfeiture of certain assets purchased by Hayes with the proceeds of his criminal activities. Bomar's third party claim is an ancillary proceeding and is governed by 21 U.S.C. § 853(c) and (n) and Federal Rule of Criminal Procedure 32.2. Under Rule 32.2(c)(1)(B), "[w]hen discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56" before the Court conducts a hearing on the third party claim. In this case, no additional discovery is needed as the Government accepts as true the facts plead in Bomar's petition. See Record Document 82 at 5, n 3.

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). See also Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate

the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075). See also S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).

**B.    Bomar's Claim to the Subject Property.**

In his petition, Bomar claims that he was a victim of Hayes in that he advanced

Hayes a substantial portion of his life savings under false pretenses. Bomar attempted to file criminal charges against Hayes, but those charges never materialized. Instead, Bomar filed suit against Hayes in the Twenty-Sixth Judicial District Court, Bossier Parish, and succeeded in obtaining a judgment against Hayes in the amount of $6,540.00. See Record Document 75, Exhibit 1. Bomar recorded the judgment on August 21, 2001. See id. Bomar maintains that because he recorded his judgment on August 21, 2001, he has a superior interest to the Government in the subject property. Specifically, Bomar argues that "his rights 'relate back' to the date of recordation in the sense that he is entitled to a privilege on the proceeds of the sale of any immovable property then owned by the defendant or later acquired by the defendant." See Record Document 90 at 6.

The Court must look to Louisiana state law to evaluate Bomar's interest in the subject property. See U.S. v. Hooper, 229 F.3d 818, 820 (9th Cir. 2000) (stating that "state law determines whether Claimants have a property interest, but federal law determines whether or not that interest can be forfeited."). The Government does not dispute that Bomar has an interest in the subject property under Louisiana state law, specifically Louisiana Civil Code 3300.[1] By filing a copy of his judgment in the Bossier Parish mortgage records on August 21, 2001, Bomar created a valid judicial mortgage. The Government also concedes that Bomar has sufficient standing under 21 U.S.C. § 853 to proceed with his third party claim. However, the Government challenges Bomar's claim on the grounds that his legal interest is not sufficient to exempt the property from forfeiture under federal law.

---

[1] Louisiana Civil Code Article 3300 states that: "A judicial mortgage is created by filing a judgment with the recorder of mortgages."

Section 853(n)(6) provides two narrow categories of claimants who will prevail in an ancillary proceeding such as the one brought by Bomar. Section 853(n)(6) states:

> If . . . the court determines that the petitioner has established by a preponderance of the evidence that–
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

Section 853(n)(6) essentially limits recovery to two classes of claimants, "those whose legal interests in the property were superior to the defendant at the time the interest of the United States vested through the commission of an act giving rise to forfeiture and bona fide purchasers for value without knowledge of the forfeitability of the defendant's assets."[2] U.S. v. Kennedy, 201 F.3d 1324, 1328-29 (5th Cir. 2000). Bomar claims that he has a pre-existing interest in the subject property because the August 21, 2001 date of recordation predates the date upon which the criminal activity began – October 2001, as alleged in the Superseding Indictment. Thus, this case falls within section 853(n)(6)(A).

Section 853 embodies the relation back doctrine and provides that "all right, title, and interest in property described in subsection (a) of this section vests in the United

---

[2] Bomar does not claim to be a bona fide purchaser. Further, the facts of this case do not support the application of the bona fide purchaser doctrine. See Record Document 82 at 8, n. 4.

States upon the commission of the act giving rise to forfeiture under this section." 21 U.S.C. § 853(c). Thus, the Government's interest in the subject property dates back to October 2001, as the subject property was purchased with proceeds of Hayes' criminal activities.[3]

Discrediting the Government's reliance on the relation back doctrine, Bomar contends that his interest in the subject property dates back to August 21, 2001 – two months prior to the beginning of Hayes' criminal activity in October 2001. Yet, the Government argues, and this Court agrees, that Bomar's argument fails because he neglected to recognize the distinction between the date his judgment was recorded and the date that he acquired an interest in the subject property.

Louisiana law provides that "judicial and legal mortgages are general mortgages. They are established over property that the obligor owns when the mortgage is created ***and over future property of the obligor when he acquires it.***" La.C.C. Art. 3303 (emphasis added). In this case, there is no dispute that Bomar filed his judgment and created the judicial mortgage on August 21, 2004. However, the subject property at issue was not acquired until 2004, specifically on three different dates between May 14, 2004 and November 23, 2004. Thus, under Louisiana law, Bomar could not have acquired an interest in the subject property until 2004, when the property was acquired by Hayes.

---

[3] See 18 U.S.C. § 982 (stating that "[t]he court . . . shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.") and 21 U.S.C. § 853(a) (stating that any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrrespective of any provision of State law – (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation."

Further, Fifth Circuit case law supports the Government's reliance on the relation back doctrine. In U.S. v. Martinez, 228 F.3d 587, 590 (5th Cir. 2000), the court stated that "relation back doctrine operates to vest title in the Government to the proceeds of [the defendant's criminal] activities as of the time of [the defendant] engaged in those illegal activities." See also Kennedy, 201 F.3d at 1331 (5th Cir. 2000) (involving a case where the acts which gave rise to the forfeiture took place months before petitioner's interest could have vested; thus, the petitioner could not prevail under section 853(n)(6)(A) "because even if she had an interest that was superior to [the defendant's], no such interest was vested at the time of the act giving rise to the forfeiture."). Other persuasive jurisprudence provides that a claimant's legal interest must have vested at the time the illegal acts of the defendant were committed. See U.S. v. Hooper, 229 F.3d 818, 821 (9th Cir. 2000). The Hooper court went on to acknowledge that such an "interpretation of § 853(n)(6)(A) leads inevitably to the conclusion that § 853(n)(6)(A) is likely never to apply to proceeds of the crime. Section 853(n)(6)(A) is far better designed to deal with instrumentalities of the crime. . . . Proceeds of crime, however, do not precede the crime." Id. at 821-22; see also U.S. v. McClung, 6 F.Supp.2d 548, 552 (W.D. Va. 1998) (holding that where the Government's interest vested in 1981, petitioners holding a 1992/1993 money judgment could not show that their title or interest in the subject property was "'superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property . . .,' as required by 21 U.S.C. § 853(n)(6)(A).").

Applying the aforementioned relation back doctrine and noting that the Government's interest attaches to the proceeds of Hayes' criminal activities, the Court finds

that Bomar's claim to the subject property is not superior, either in fact or law, to the Government's interest under 21 U.S.C. § 853. Bomar's interest, via his judicial mortgage, in the subject property did not vest until the property was acquired in 2004. Conversely, the Government's interest in the same property relates back to October 2001, the date upon which Hayes began his criminal activities. Hence, Bomar's petition to validate his third party property interest fails.[4]

**III. CONCLUSION.**

Based on the foregoing, the Court finds that there are no genuine issues of material fact and the Government is entitled to judgment as a matter of law. Bomar has failed to assert a superior legal right or interest in any of the contested property. The Court hereby enters summary judgment in favor of the Government and dismisses the third party claim of Virgil E. Bomar.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 4th day of May, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Government plans to allocate the sales proceeds of the forfeited assets on a pro rate basis based on the amount of loss suffered by each known victim of this fraud scheme. The Court notes that Bomar has been invited to participate in this distribution. See Record Document 82 at 9, n. 5.